Kevin L. Hernandez, Esq.
State Bar No. 280074
**LAW OFFICE OF KEVIN L. HERNANDEZ**
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| KIM MIN,<br><br>                Plaintiff;<br><br>v.<br><br>BANK OF AMERICA, N.A., COMENITY CAPITAL BANK, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC,<br><br>                Defendants. | Case No.: 8:24-cv-00161<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Kim Min ("Plaintiff"), by and through the undersigned counsel of record, and for her claims for relief against Defendants, Bank of America, N.A. ("BANA"), Comenity Capital Bank ("Comenity"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union"), complains and alleges as follows:

## JURISDICTION AND VENUE

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"), the California Consumer Credit Reporting Agencies Act ("CCRAA"), and BANA and Comenity's violations of the Rosenthal Fair Debt Collection Practices Act, §§ 1788-1788.32 ("Rosenthal FDCPA").

Page 1 of 12

2. This Court has supplemental jurisdiction over the CCRAA and Rosenthal FDCPA claims under 28 U.S.C. § 1367 because the claims are so related in the action that they form part of the same case or controversy under Article III of the United States Constitution. Specifically, each claim involves the same transactions, accounts, and series of events.

3. This court has jurisdiction over this matter under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

4. Under 28 U.S.C. § 1391(b), venue in this District is proper because Plaintiff and Defendants reside and/or conduct business in the Central District of California.

5. Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the Central District of California.

## PARTIES

6. Plaintiff is an adult individual residing in Orange County, California.

7. As an individual, Plaintiff is a "consumer" under 15 U.S.C. § 1681a(c) and Cal.Civ.Code § 1785.3(b).

8. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was allegedly due and owing from Plaintiff, and is a "debtor" as that term is defined under Cal.Civ.Code § 1788.2(h).

9. BANA is a national banking association doing business in the State of California.

10. BANA regularly and in the ordinary course of business furnishes credit information about consumers, such as Plaintiff, to the national consumer reporting agencies, and is therefore a "furnisher" and "person" as contemplated by 15 U.S.C. § 1681s-2(b) and Cal.Civ.Code § 1785.3(j).

11. BANA regularly and in the ordinary course of business furnishes credit information about consumers, such as Plaintiff, to the national consumer reporting

1  agencies, and is therefore a "furnisher" and "person" as contemplated by 15 U.S.C.
2  § 1681s-2(b) and Cal.Civ.Code § 1785.3(j).

3      12.    BANA has or purports to have a claim for money or an interest in
4  property in connection with a transaction procured through identity theft, and as
5  such, is a "claimant" under Ca.Civ.Code § 1798.92(a).

6      13.    Comenity is a Utah corporation doing business in the State of
7  California.

8      14.    Comenity regularly and in the ordinary course of business furnishes
9  credit information about consumers, such as Plaintiff, to the national consumer
10 reporting agencies, and is therefore a "furnisher" and "person" as contemplated by
11 15 U.S.C. § 1681s-2(b) and Cal.Civ.Code § 1785.3(j).

12     15.    Comenity has or purports to have a claim for money or an interest in
13 property in connection with a transaction procured through identity theft, and as
14 such, is a "claimant" under Ca.Civ.Code § 1798.92(a).

15     16.    Equifax is a Georgia limited-liability company doing business in the
16 State of California.

17     17.    Equifax is a "consumer reporting agency" under 15 U.S.C. § 1681a(f)
18 and Cal.Civ.Code § 1785.3(d).

19     18.    Equifax is regularly engaged in the business of assembling, evaluating,
20 and disbursing information concerning consumers for the purpose of furnishing
21 consumer reports under 15 U.S.C. § 1681a(d) and Cal.Civ.Code § 1785.3(c).

22     19.    Equifax disburses said consumer reports to third parties under contract
23 for monetary compensation.

24     20.    Experian is an Ohio corporation doing business in the State of
25 California.

26     21.    Experian is a "consumer reporting agency" under 15 U.S.C. § 1681a(f)
27 and Cal.Civ.Code § 1785.3(d).

28

22. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports under 15 U.S.C. § 1681a(d) and Cal.Civ.Code § 1785.3(c).

23. Experian disburses said consumer reports to third parties under contract for monetary compensation.

24. Trans Union is a Delaware limited-liability company doing business in the State of California.

25. Trans Union is a "consumer reporting agency" under 15 U.S.C. § 1681a(f) and Cal.Civ.Code § 1785.3(d).

26. Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681a(d) and Cal.Civ.Code § 1785.3(c).

27. Trans Union disburses said consumer reports to third parties under contract for monetary compensation.

## **FACTUAL ALLEGATIONS**

28. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

29. On information and belief, Plaintiff is a victim of identity theft.

30. In the alternative, Plaintiff is a victim of mixed or merged credit reporting from another consumer with the same or similar name.

31. On or about September 2023, Plaintiff obtained copies of her Equifax, Experian, and Trans Union credit reports and became aware that Defendants were reporting the following fraudulent or inaccurate information:

Accounts

- Bank of America, N.A., Acct. XXXX5655
- Bank of America, N.A., Acct. XXXX6339

- Comenity Capital Bank/Pier 1, Acct. 7788XXXX
- Comenity Capital Bank/Sephora, Acct. 4176XXXX
- Comenity Capital Bank/Talbots, Acct. 7788XXXX
- Comenity Capital Bank/Victoria Secret, Acct. 5856XXXX
- Union Bank of California, Acct. XXXX7247

<u>Hard Inquiries</u>

- Bank of Missouri
- Capital One
- Chase
- Citibank, N.A.
- Comenity Bank
- Speedy Cash
- THD/CBNA

32. On September 11, 2023, Plaintiff filled out and submitted a law enforcement report to the Federal Trade Commission, under Report No. 163772878, regarding the theft of her identity (the "FTC Report").

33. In the FTC Report, Plaintiff confirms that she did not approve or authorize the above-listed accounts or inquiries.

34. On September 11, 2023, Plaintiff submitted written disputes to Equifax, Experian, and Trans Union regarding the above-referenced inaccurate information.

35. Plaintiff enclosed a copy of the FTC Report with the written disputes.

36. On information and belief, Equifax, Experian, and Trans Union transmitted Plaintiff's written disputes to the data furnishers for investigation.

37. Defendants failed to block the fraudulent information from Plaintiff's credit profiles within four (4) days of receipt of Plaintiff's written disputes.

38. Defendants failed to fully correct the inaccuracies in Plaintiff's credit reports within thirty (30) days of receipt of Plaintiff's written disputes.

39. Upon receipt of Plaintiff's disputes of the inaccurate information, Defendants failed to evaluate or consider any of Plaintiff's information, claims, or evidence and did not make any attempt to substantially or reasonably verify the disputed account information on Plaintiff's credit reports.

40. Defendants failed to conduct a lawful investigation of the disputed information on Plaintiff's credit reports.

41. In failing to delete the fraudulent information, Defendants continue to report inaccurate information in violation of the FCRA and CCRAA.

42. In failing to delete the fraudulent information, Defendants provide misleading information on Plaintiff's credit reports in violation of the FCRA and CCRAA.

43. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score negatively.

44. Plaintiff has missed credit opportunities as a result of the violations referenced in this Complaint.

45. Plaintiff suffered a reduction in credit limits as a result of the violations referenced in this Complaint.

46. Plaintiff suffered emotional distress and mental anguish as a result of the violations alleged in this Complaint.

### FIRST CLAIM FOR RELIEF
**[Violations of 15 U.S.C. § 1681e(b) and Cal.Civ.Code § 1785.14(b) against Equifax, Experian, and Trans Union]**

47. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

48. Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files each publishes and maintains concerning Plaintiff.

49. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, damage by loss of credit and loss of ability to purchase and benefit from credit.

50. Equifax, Experian, and Trans Union's acts and omissions were willful, rendering each liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n and Cal. Civ. Code § 1785.31(a)(2).

51. In the alternative, Equifax, Experian, and Trans Union were negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o and Cal. Civ. Code § 1785.31(a)(1).

52. As a direct and proximate result of the above-referenced violations by Equifax, Experian, and Trans Union, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

53. Plaintiff is entitled to recover costs and attorneys' fees from Defendants in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o and Cal. Civ. Code § 1785.31(d).

54. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

55. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

**SECOND CLAIM FOR RELIEF**
**[Violation of 15 U.S.C. § 1681i and Cal.Civ.Code § 1785.16 against Equifax, Experian, and Trans Union]**

56. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

57. Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681i and Cal.Civ.Code § 1785.16 by failing to delete or correct the aforementioned fraudulent information in Plaintiff's credit files after receiving actual notice of the inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable

procedures with which to filter and verify disputed information in Plaintiff's credit files, and by relying upon verification from a source each has reason to know is unreliable.

58. As a direct and proximate result of this conduct by Equifax, Experian, and Trans Union Plaintiff suffered, and continues to suffer, damage by loss of credit, and the loss of the ability to purchase and benefit from credit.

59. Equifax, Experian, and Trans Union's conduct was willful, rendering each liable for actual or statutory damages, and punitive damages in an amount to be determined by the court under 15 U.S.C. § 1681n and up to $5,000.00 under Cal.Civ.Code § 1788.31(a)(2)(B).

60. In the alternative, Equifax, Experian, and Trans Union were negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o and Cal. Civ. Code § 1785.31(a)(1).

61. Plaintiff is entitled to recover costs and attorneys' fees from Equifax, Experian, and Trans Union in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o and Cal. Civ. Code § 1785.31(a)(1).

### THIRD CLAIM FOR RELIEF
**[Violation of 15 U.S.C. § 1681c-2 against Equifax, Experian, and Trans Union]**

62. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

63. Under the FCRA, 15 U.S.C. § 1681c-2, within four business days of notice of Plaintiff's written disputes and FTC Report, Equifax, Experian, and Trans Union were obligated to block the information that was the result of identity theft.

64. Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681c-2 by failing to block the fraudulent information from Plaintiff's credit profiles within four business days of receipt of Plaintiff's written disputes.

65. As a direct and proximate result of this conduct by Equifax, Experian, and Trans Union, Plaintiff suffered, and continues to suffer, damage by loss of credit, and the loss of the ability to purchase and benefit from credit.

66. Equifax, Experian, and Trans Union's conduct was willful, rendering each liable for actual or statutory damages, and punitive damages in an amount to be determined by the court under 15 U.S.C. § 1681n.

67. Plaintiff is entitled to recover costs and attorneys' fees from Equifax, Experian, and Trans Union in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o.

68. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

69. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

70. Plaintiff has been forced to retain the Law Office of Kevin L. Hernandez to pursue these claims and protect her legal rights and is, therefore, entitled to recover reasonable attorney's fees plus costs incurred under 15 U.S.C. § 1681n or § 1681o.

**FOURTH CLAIM FOR RELIEF**
**[Violations of the FCRA, 15 U.S.C. § 1681s-2(b) and CCRAA against BANA and Comenity]**

71. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

72. BANA and Comenity violated the FCRA, 15 U.S.C. § 1681s-2(b) and Cal.Civ.Code § 1785.25(a), by continuing to report the false representations within Plaintiff's credit files with Equifax, Experian, and Trans Union; by failing to investigate Plaintiff's disputes properly; by failing to review all relevant information regarding Plaintiff's disputes; by failing to respond to Equifax, Experian, and Trans Union accurately; by failing to report results on Plaintiff's credit files correctly; and

by failing to permanently and lawfully correct their own internal records to prevent the aforementioned violations.

73. BANA and Comenity further violated Cal.Civ.Code 1785.25(a) because each furnished and continue to furnish to consumer credit reporting agencies, that Plaintiff owes debts when in fact Plaintiff does not, because she is a victim of identity theft or a mixed/merged credit file. The consumer credit reporting agencies informed BANA and Comenity in writing that Plaintiff is a victim of identity theft or a mixed/merged credit file, and therefore it knew or should have known the information it provided to the consumer credit reporting agencies was incomplete or inaccurate.

74. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, adverse actions under Cal.Civ.Code § 1785.3(a), including but not limited to, damage by loss of credit, and loss of ability to purchase and benefit from credit.

75. BANA and Comenity's acts and omissions were willful, rendering each liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

76. In the alternative, BANA and Comenity were negligent in the above-referenced acts and omissions, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

77. As a direct and proximate result of the above-referenced violations by BANA and Comenity, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter, including without limitation, up to $5,000.00 under Cal.Civ.Code § 1788.31(a)(2)(B).

78. Plaintiff is entitled to recover costs and attorney's fees from BANA and Comenity in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o.

79. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

80. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

81. Plaintiff has been forced to retain the Law Office of Kevin L. Hernandez to pursue these claims and protect her legal rights and is, therefore, entitled to recover reasonable attorney's fees plus costs incurred under 15 U.S.C. § 1681n or § 1681o and Cal.Civ.Code § 1785.31(a)(1).

**FIFTH CLAIM FOR RELIEF**
**[Violations of the Rosenthal FDCPA against BANA and Comenity]**

82. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

83. Any violation of the federal Fair Debt Collection Practices Act ("FDCPA") is a violation of Cal.Civ.Code § 1788.17 of the Rosenthal FDCPA, because § 1788.17 incorporates the FDCPA.

84. BANA and Comenity each violated Civil Code § 1788.17 when each violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10), 1692f, and 1692f(1) of the FDCPA. In particular, BANA and Comenity violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10), 1692f, and 1692f(1) by attempting to collect a debt, when in fact Plaintiff does not owe any such debt, by reporting fraudulent balances to Plaintiff's national credit profiles, and by failing to report that Plaintiff disputes the validity of the fraudulent debts on her national credit profiles.

85. Comenity further violated Cal.Civ.Code § 1788.18 by continuing to engage in collection activities after Plaintiff provided Comenity with documents pursuant to Cal.Civ.Code §§ 1788.18(a) and 1788.18(b), including without limitation, reporting the fraudulent Comenity/Sephora debt (Acct. 4176XXXX) and transferring that debt to Midland Credit Management for collections.

86. BANA and Comenity each failed to determine in good faith that Plaintiff was a victim of identity theft or a mixed/merged credit file and that she was

not responsible for the incurred debts after Plaintiff provided Defendants with an ID Theft Affidavit and detailed dispute letter. Comenity also engaged in collection actions prior to making its determination.

87. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff has suffered actual damages and harm resulting from Defendants' actions or inactions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, and out-of-pocket expenses the exact amount determined according to proof.

88. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff is entitled to actual damages pursuant to Cal.Civ.Code § 1788.30(a); civil penalties for knowing or willful violations under Cal.Civ.Code § 1788.30(b); and reasonable attorneys' fees and costs under Cal.Civ.Code § 1788.30(c).

**WHEREFORE,** Plaintiff prays for relief as follows:

1. For an award of actual damages;
2. For an award of statutory damages;
3. For civil penalties;
4. For injunctive relief;
5. For declaratory relief;
6. For punitive damages;
7. For an award reimbursing Plaintiff for reasonable attorney's fees, costs, and interest incurred; and
8. For such other further relief as the court deems proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

Dated: January 23, 2024

**LAW OFFICE OF KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez*
Kevin L. Hernandez, Esq.
State Bar No. 280074
kevin@kevinhernandezlaw.com
***Attorney for Plaintiff***